RECEIVED

AUG - 1 2008
8-1-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARAIL JOHNSON )
_____ )
(Name of the plaintiff or plaintiffs) )
)
v. )
)
COLEMAN CABLE SYSTEM )
_____ )
(Name of the defendant or defendants) )

CIVIL ACTION

08CV4391
JUDGE DER-YEGHIAYAN
MAG. JUDGE VALDEZ

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is CARAIL JOHNSON _____ of the county of LAKE in the state of Illinois.

3. The defendant is COLEMAN CABLE SYSTEM, whose street address is 3155 CENTRAL AVENUE
(city) WAUKEGAN (county) LAKE (state) IL (ZIP) 60085
(Defendant's telephone number) (847) - 672-2300

4. The plaintiff sought employment or was employed by the defendant at (street address) 3155 CENTRAL AVENUE (city) WAUKEGAN
(county) LAKE (state) IL (ZIP code) 60085

5. The plaintiff [check one box]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) 07, (day) 08, (year) 2003.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff [check one box] ☐ has not  ☑ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

  (i) ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

  (ii) ☑ the Illinois Department of Human Rights, on or about (month) 10 (day) 30 (year) 2003.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and
(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

  ☑ Yes (month)_____ (day)_____ (year)_____
  ☐ No, did not file Complaint of Employment Discrimination

2. The plaintiff received a Final Agency Decision on (month)_____ (day)_____ (year)_____.

c. Attached is a copy of the

  a. Complaint of Employment Discrimination,
  ☑ YES  ☐ NO, but a copy will be filed within 14 days.

  (ii) Final Agency Decision
  ☐ YES  ☐ NO, but a copy will be filed within 14 days.

8. (*Complete paragraph 8 only if defendant is not a federal governmental agency.*)

   (a)☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

   (b)☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) _____ (day) _____ (year) _____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

   (a)☑ Age (Age Discrimination Employment Act).
   (b)☑ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (c)☐ Disability (Americans with Disabilities Act or Rehabilitation Act)
   (d)☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (e)☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (f)☐ Religion (Title VII of the Civil Rights Act of 1964)
   (g)☑ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

    (a)☐ failed to hire the plaintiff.
    (b)☑ terminated the plaintiff's employment.
    (c)☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): _____

_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

_____

_____

_____

_____

_____

_____

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES   ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐   Direct the defendant to (specify): _____

_____
_____
_____
_____
_____

(g) ☐   If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒   Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
_Carail Johnson_

(Plaintiff's name)
_CARAIL JOHNSON_

(Plaintiff's street address)
_1200 PINE STREET_

(City) _WAUKEGAN_  (State) _IL_  (ZIP) _60085_

(Plaintiff's telephone number) (847) – 263 – 5082

Date: _____

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 210-2004-00639 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Carall M. Johnson | (847) 263-5082 | 07-24-1949 |

Street Address: 1200 Pine Street, Waukegan, IL 60085

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| COLEMAN CABLE SYSTEM | 15 - 100 | (847) 672-2300 |

Street Address: 3155 Central Avenue, Waukegan, IL 60085

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-08-2003  Latest: 10-15-2003
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I have been employed at Respondent since January 9, 1979. My current position is first shift supervisor in the shipping department. Since in or about May 2003, the shipping department has been managed by a an individual who was assigned on a temporary basis. On or about July 8, 2003, he began communicating with me in a very demeaning and abusive manner. When addressing issues or concerns with me, he subjects me to yelling and screaming despite my repeated objections. I am the only Black female supervisor and I am the only supervisor he addresses in this manner. On October 14, 2003, I complained to Respondent's human resources representative about his behavior and my belief that it was discriminatory. On October 15, 2003, I was given a final warning notice, contrary to the progressive discipline guidelines. In the warning notice, Respondent cited my complaint against my supervisor as a basis for the discipline.

I believe I have been discriminated against on the basis of my race and sex, Black female, and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

OCT 3 0 2003

CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Oct 30, 2003 — Carall Johnson
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Carail M. Johnson
1200 Pine Street
Waukegan, IL 60085

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL 7000 1670 0012 6742 7363

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 210-2006-00814
EEOC Representative: Patricia Jaramillo, Enforcement Manager
Telephone No.: (312) 886-3576

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_John P. Rowe_
John P. Rowe,
District Director

4/28/08
(Date Mailed)

Enclosures(s)

cc: **COLEMAN CABLE SYSTEMS**

My Charge Number is 210-2004-00639

Carail Johnson
1200 Pine St.
Waukegan, Ill. 60085

Additional Information

Mark Smith the Respondent that I said was Discriminatory against me transferred from the Company location at 1430 12th St. in Waukegan were the same problem that I complain about happen with Ms. Rosie Moore. Ms. Moore made numerous complain about him to upper management including Mr. Cliff Sanderson in Human Resource .Ms. Moore has worked for the company for Twenty-four years.Ms. Moore can be reach at 847-672-3006 Ms. Moore said if asked she would give a truthful statement about the problem she had because she was a black Female. She also made her complaints none to the Plant Manger ant Andy Wiseman and his telephone Number is 847-672-3026 and to Mark Rodgers I am Positive Mr. Rodger will not tell the truth I know she complain because she told me so long before any of this happen and what kind of person Mr. Smith was when he transferred to my Dept.

I complain to my Manger Mike Dubois about Mark Smith after the first incidents July 8,2003 and the second one on July 11,2003 were I told him that Mark treat me different than the other two Supervisor and he told me would talk to him .

On the day of the final indecent Oct .11, 2003 Mr. Sanderson said I call My Supervisor Master to another employee I did not mean anything or think anything about the word they are looking and putting more into it. Would it have made a different if I had said boss man? But Jim Wyle agrees that he was my Master he can be reached at 847-672-5091.

On Oct, 11, 2003 Cliff Boyke and David Kaiser both were there and said to me why does he always treats you that way he is never as violent to any of the other supervisor
Nathan Johnson was out side of the office and said that Mark is always Hositle and treat you different . He can be reached at 847-672-5061